DAVID T. SCHULTZ, United States Magistrate Judge
INTRODUCTION
Plaintiff Clayton James Hanks ("Hanks") alleges Defendants violated his constitutional rights and committed various state common law torts in connection with their response to Hanks' self-inflicted injury on December 25, 2014. Hanks seeks money damages and injunctive and declaratory relief. Defendants seek dismissal of Hanks' claim for injunctive relief (Claim 8), arguing, among other things, immunity under the Eleventh Amendment to the United States Constitution. For the reasons that follow, it is recommended that Defendants' Partial Motion to Dismiss Claim 8 of Plaintiff's Amended Complaint [Docket No. 120] be granted without prejudice.
BACKGROUND
On Christmas Day 2014, Hanks, then incarcerated at Minnesota Correctional Facility - Oak Park Heights, severely injured his left arm [Docket No. 116 at 5].[1] Department of Corrections ("DOC") staff initially exhibited little concern for Hanks' condition before finally opting to treat within the prison. Id. at 5-6. When the DOC staff did respond to Hanks' medical condition, they did so aggressively, strapping Hanks to a restraint board for three hours or more with no bathroom breaks. Id. at 11-15.
Hanks sued the DOC and several corrections officers and nurses alleging cruel and unusual punishment, deliberate indifference to serious medical need, assault, battery, and intentional and/or negligent infliction of emotion distress. Id. Hanks' Amended Complaint includes a claim against the DOC for injunctive and declaratory relief. Defendants have moved to dismiss Claim 8 arguing, inter alia , it is barred by the Eleventh Amendment [Docket No. 121]. For the reasons articulated at the September 27, 2017 hearing on Defendants' motion, the Court recommends that Defendants' Motion be granted without prejudice to Hanks' ability to replead his claim for declaratory and injunctive relief.
ANALYSIS
Defendants argue Claim 8 must be dismissed because it runs afoul of the Eleventh Amendment, which, absent waiver, prohibits suits against a sovereign state *1232 in Federal Court. See, e.g., Pennhurst State School and Hospital v. Halderman , 465 U.S. 89, 100-01, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ; Thomas v. FAG Bearings Corp., 50 F.3d 502, 505 (8th Cir. 1995). Hanks' Amended Complaint named the Department of Corrections as the defendant against whom he seeks injunctive relief. Under the Eleventh Amendment, a suit against a state agency is a suit against the state itself and is barred. Monroe v. Arkansas State Univ. , 495 F.3d 591, 594 (8th Cir. 2007). Though, under Ex Parte Young , 209 U.S. 123, 155-56, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may obtain prospective injunctive relief against a state official in certain circumstances, Hanks has not currently pleaded a proper claim for such relief. Accordingly, this Court does not have subject matter jurisdiction to adjudicate the claim as pleaded and it must be dismissed.
Defendants ask this Court to dismiss Claim 8 with prejudice because Hanks has failed to "identify a continuing violation of federal law" and provides "no cognizable claim for declaratory relief." [Docket No. 121 at 5, 9]. Hanks suffers from mental illness which, among other things, causes him to inflict injury upon himself, to which various DOC personnel allegedly respond by punishing Hanks. Hanks has alleged in his Amended Complaint that, per policy, the DOC regularly punishes him for conduct that directly results from his mental illness. [Docket No. 128, Ex. 1]. Federal courts have held that a prison's decision to punish, rather than treat mental health issues, may be enjoined in appropriate circumstances. See, Arnold On Behalf of H.B. v. Lewis , 803 F.Supp. 246, 258 (D. Arizona 1992). In addition, though Defendants argue Hanks' claim is barred by the Prison Litigation Reform Acts ("PLRA") prohibition against prospective relief that extends beyond correcting a violation of law, Hanks alleges that he seeks to "correct an on-going constitutional violation" as permitted under the PLRA. Graves v. Arpaio , 48 F.Supp.3d 1318, 1337 (D. Arizona 2014). Because Hanks' Complaint seeks to raise serious and otherwise viable claims for injunctive relief against an appropriate defendant, this Court hesitates to dismiss them with prejudice at this stage of the litigation.
The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following recommendation.
IT IS HEREBY RECOMMENDED that Defendant Minnesota Department of Corrections' Partial Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 120] is GRANTED. Hanks' claim against the Department of Corrections [Claim 8] should be DISMISSED WITHOUT PREJUDICE.

The facts recited in this section are taken from the allegations in Plaintiff's First Amended Complaint, which the Court accepts as true for the limited purposes of this motion.